IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **RICARDO TOWNSEND** | : | |
| **Petitioner** | : | **No. 1:23-cv-01887** |
| | : | |
| **v.** | : | **(Judge Kane)** |
| | : | |
| **WARDEN RICKARD,** | : | |
| **Respondent** | : | |

**<u>MEMORANDUM</u>**

Presently before the Court is pro se Petitioner Ricardo Townsend ("Townsend")'s petition for a writ of habeas corpus under 28 U.S.C. § 2241.  For the reasons set forth below, the Court will dismiss the petition as moot.

## I.     BACKGROUND

Townsend commenced this action by filing a petition for a writ of habeas corpus under 28 U.S.C. § 2241, which the Clerk of Court docketed on November 14, 2023.  (Doc. No. 1.)[1]  At the time Townsend filed his petition, he was incarcerated at Federal Correctional Institution Schuylkill ("FCI Schuylkill").  (<u>Id.</u> at 2.)  In his petition, Townsend challenged a disciplinary hearing officer ("DHO")'s issuance of a misconduct against him for possessing contraband and the resulting sanction of a loss of forty-one (41) days of good time credits. (<u>Id.</u>)

On January 23, 2024, the Court issued an Order which, <u>inter alia</u>, directed Respondent to file a response to Townsend's habeas petition.  (Doc. No. 8.)  Respondent filed a timely response in opposition to the petition on February 12, 2024.  (Doc. No. 10.)  Townsend filed a reply brief in further support of his petition on April 9, 2024.  (Doc. No. 13.)

---

[1]  When he filed his petition, Townsend neither sought leave to proceed <u>in forma pauperis</u> nor remitted the filing fee.  He later paid the filing fee.  <u>See</u> (Unnumbered Docket Entry Between Doc. Nos. 7 & 8).

On December 8, 2025, Respondent filed a suggestion of mootness based on Townsend's release from federal incarceration on July 16, 2025. (Doc. No. 12.) The following day, this Court issued an Order which, inter alia, required Townsend to show cause within twenty (20) days why the Court should not dismiss his Section 2241 habeas petition as moot due to his apparent release from incarceration. (Doc. No. 13.) The Court also warned Townsend that if did not timely respond to the Order, the Court would deem him to be unopposed to the dismissal of his habeas petition as moot. (Id. at 3.) Townsend has not responded to this Order despite the passage of more than twenty (20) days, and he has not sought an extension of time to file a response.[2]

## II.    DISCUSSION

"Article III of the [United States] Constitution limits federal 'judicial Power' to the adjudication of 'Cases' or 'Controversies.'" Abreu v. Superintendent Smithfield SCI, 971 F.3d 403, 406 (3d Cir. 2020) (quoting Toll Bros., Inc. v. Twp. of Readington, 555 F.3d 131, 137 (3d Cir. 2009)). "For a case or controversy to exist, a petitioner, throughout each stage of the litigation, 'must have suffered, or be threatened with, an actual injury traceable to the [respondent] and likely to be redressed by a favorable judicial decision.'" Id. (quoting DeFoy v. McCullough, 393 F.3d 439, 442 (3d Cir. 2005)). Consequently, "a habeas corpus petition generally becomes moot when a prisoner is released from custody because the petitioner has received the relief sought." See id. (citing DeFoy, 393 F.3d at 441); see also Hamilton v. Bromley, 862 F.3d 329, 335 (3d Cir. 2017) (explaining that mootness is "a doctrine that 'ensures that the litigant's interest in the outcome continues to exist throughout the life of the lawsuit,' and

---

[2] On December 30, 2025, the Clerk of Court docketed the envelope containing the Court's December 9, 2025 Order, which was sent to Townsend. See (Doc. No. 19). It was returned to the Clerk of Court as undeliverable due to Townsend's release from incarceration. See (id.).

which is 'concerned with the court's ability to grant effective relief'" (quoting Freedom from

Religion Found. Inc. v. New Kensington Arnold Sch. Dist., 832 F.3d 469, 476 (3d Cir. 2016) and

County of Morris v. Nationalist Movement, 273 F.3d 527, 533 (3d Cir. 2001))).

Nevertheless, a petitioner who has been released from custody "may obtain judicial

review of a [habeas] petition by showing that [they] continue[] to suffer from secondary or

collateral consequences of [their] conviction." See Abreu, 971 F.3d at 406 (citations omitted).

Generally speaking, "collateral consequences will be presumed when the [petitioner] is attacking

[their] conviction while still serving the sentence imposed for that conviction [and] . . . where

the[y are] attacking that portion of [their] sentence that is still being served." See id. (citing

United States v. Jackson, 523 F.3d 234, 242 (3d Cir. 2008)).  Once a petitioner has been released,

however, the Court does "not presume that a conviction carries collateral consequences." See

Abreu, 971 F.3d at 406 (citing Burkey v. Marberry, 556 F.3d 142, 148 (3d Cir. 2009)).  Instead,

the Court "must 'address[] the issue of collateral consequences in terms of the 'likelihood' that a

favorable decision would redress the injury or wrong.'" See id. (quoting Burkey, 556 F.3d at

148).  For that reason, "[i]t is not enough if 'collateral consequences proffered by the petitioner'

amount to 'a possibility rather than a certainty or even a probability.'" See id. (quoting Burkey,

556 F.3d at 148).

In this case, Townsend is not currently incarcerated.  As such, the instant petition in

which he challenges a disciplinary decision of the DHO mooted due to his release from BOP

incarceration.  Although Townsend could still potentially obtain judicial review if he showed that

he continues to suffer from secondary or collateral consequences, he has failed to make such a

showing by responding to the Court's Order.  Accordingly, the Court concludes that Townsend's

Section 2241 petition is moot.

**III.    CONCLUSION**

Accordingly, for the foregoing reasons, the Court will dismiss Townsend's Section 2241 petition as moot.  An appropriate Order follows.

s/ Yvette Kane
Yvette Kane, District Judge
United States District Court
Middle District of Pennsylvania